STEPHEN GRAY, RESPONDENT, v. THERESA D. MARTINO, APPELLANT.

Argued November 8, 1917—Decided February 2, 1918.

A public officer, charged with the enforcement of the law, is not entitled, as against the owner of stolen property, to receive a special reward for services rendered in recovering such property, services so rendered being presumed to have been performed in pursuance of the officer's public duty.

On appeal from the Atlantic City District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Babcock & Champion.*

For the appellant, *William H. Smathers.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff occupied the position of a special police officer, in Atlantic City, and incidentally was identified with the work of the prosecutor of the pleas of the county.   He possessed knowledge concerning the theft of certain diamonds and jewelry from the possession of the defendant, who had advertised a reward for the recovery of the property.   In this situation he claims to have entered into a verbal contract with defendant, whereby she agreed to pay him $500 if he could procure for her the names and addresses of the thieves.   As a result of his meditation with the police authorities the diamonds and jewelry were recovered, and plaintiff brought this suit to recover the promised reward.

The District Court, sitting without a jury, awarded plaintiff a judgment for the amount of the reward, and hence this appeal.

Various points are discussed in the briefs, but to us the dominant and conspicuous inquiry in the case is, Was the

plaintiff, during the period of this transaction, a public officer, charged with the enforcement of the law? The testimony makes it manifest that he was a special police officer to some extent identified with the work of the prosecutor's office, and that position, upon well-settled grounds of public policy, required him to assist, at least, in the prosecution of offenders against the law.

The services he rendered, in this instance, must be presumed to have been rendered in pursuance of that public duty, and for its performance he was not entitled to receive a special *quid pro quo*.

The cases on the subject are collected in a foot-note to *Somerset Bank* v. *Edmund,* 10 *Am. & Eng. Ann. Cas.* 726; 76 *Ohio St. Rep.* 396, the head-note to which reads: "Public policy and sound morals alike forbid that a public officer should demand or receive for services performed by him in the discharge of official duty any other or further remuneration or reward than that prescribed or allowed by law."

This rule of public policy has been relaxed only in those instances where the legislature for sufficient public reason has seen fit by statute to extend the stimulus of a reward to the public without distinction, as in the case of *United States* v. *Matthews,* 173 *U. S.* 381, where the attorney-general, under an act for "the detection and prosecution of crimes against the United States," made a public offer of reward sufficiently liberal and generic to comprehend the services of a federal deputy marshal. Exceptions of that character upon familiar principles serve to emphasize the correctness of the rule, as one based upon sound public policy.

The judgment below for that reason must be reversed.